

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 07-22254-CIV-COHN/SELTZER

ALFRED J. BAKER,

    Plaintiff,

v.

SOIL TECH DISTRIBUTORS, INC.,

    Defendant.
_____/

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS AMENDED COMPLAINT

**THIS CAUSE** is before the Court upon Defendant Soil Tech Distributors, Inc.'s Motion to Dismiss Complaint [DE 26]. The Court has considered the Motion, Plaintiff's Memorandum in Opposition [DE 27] and the record, and is otherwise fully advised in the premises.

Until the recent Supreme Court decision in Bell Atlantic Corp. v. Twombly, 550 U.S. —, 127 S.Ct. 1955 (2007), courts routinely followed the rule that, "a complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff could prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Marsh v. Butler County, 268 F.3d 1014, 1022 (11th Cir. 2001). However, pursuant to Twombly, to survive a motion to dismiss, a complaint must now contain factual allegations which are "enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true." 127 S. Ct. at 1965. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a

plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 1964-65.  Taking the facts as true, a court may grant a motion to dismiss when, "on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." Marshall Cty. Bd. of Educ. v. Marshall Cty. Gas Dist., 992 F.2d 1171, 1174 (11th Cir. 1993).

Defendant first argues that Plaintiff's claim for discrimination under 42 U.S.C. §1981 must be dismissed because Plaintiff has not alleged facts sufficient to prove the second and third elements of the claim: an intent to discriminate based on race by the defendant and that the discrimination concerned an activity enumerated in the statute. However, the Amended Complaint contains allegations that, if proven, would satisfy these elements.  For example, Plaintiff has alleged that the Defendant's loaders "systematically under-load[ed] the trucks of the Black haulers while systematically properly loading or even overloading the trucks of the Hispanic haulers," which if proven, would demonstrate an intent to discriminate based on race.  Furthermore, Plaintiff's allegations all related to his employment relationship with the Defendant, and it is clearly settled law that the right to "make and enforce contracts," including employment contracts, is an enumerated activity under §1981.  In light of these allegations, the Court concludes that Plaintiff's allegations in the Amended Complaint are sufficient, and Defendant's Motion to Dismiss the discrimination claim will be denied.

Defendant next argues that Plaintiff's claim for retaliation under §1981 must be dismissed because Plaintiff has not alleged facts sufficient to prove the first element of

the claim: that he was engaged in statutorily protected activity. However, Plaintiff alleges in his Amended Complaint that he "became a leader among the Black haulers and protested the unequal and discriminatory treatment," and that one of the reasons cited for his termination was his accusation of discrimination. As Plaintiff argues, even informal protests of discrimination in the workplace, such as complaining to management, can constitute protected activity. See Sumner v. United States Postal Service, 899 F.2d 203, 209 (2d Cir. 1990). Accordingly, the Court concludes that Plaintiff's allegations in the Amended Complaint are sufficient, and Defendant's Motion to Dismiss the retaliation claim will be denied.

For the foregoing reasons, it is hereby

**ORDERED AND ADJUDGED** that Defendant's Motion to Dismiss Complaint [DE 26] is **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 1st day of May, 2008.

JAMES I. COHN
United States District Judge

Copies provided to:

Counsel of record