UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-22254-CIV-COHN/SELTZER

ALFRED J. BAKER, REYNA ROSE,
DAVID OWENS, DAVID BURKE,
DEWAYNE HUNTER, ROBERT GRANT,
and GEORGE GOULDBOURNE,

    Plaintiffs,

vs.

SOIL TECH DISTRIBUTORS, INC.,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

THIS CAUSE is before the Court on Plaintiffs' Motion to Strike Pleadings and [for] Other Relief (DE 46) and Plaintiffs' Second Motion to Strike Pleadings and for Other Relief (DE 49).[1] These matters were referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636 and the Magistrate Rules of the Local Rules of the United States District Court for the Southern District of Florida.

## PROCEDURAL BACKGROUND

On April 17, 2008, Plaintiff Albert Baker served on Defendant interrogatories and a request for production of documents. After Defendant failed to respond to the discovery

---

[1] The instant motions purport to be filed on behalf of all Plaintiffs. Defendant, however, notes that the discovery violations of which Plaintiffs complain relate solely to Plaintiff Albert Baker's discovery requests. Defendant, therefore, argues that should the Court be inclined to impose sanctions such sanctions should be awarded only to Plaintiff Baker. The undersigned agrees and, therefore, will refer herein to the instant motions as if they had been filed solely by Plaintiff Baker.

requests by the May 20, 2008 due date, on May 23, 2008, Plaintiff's attorney sent an e-mail to Defendant's attorney reminding him that the discovery responses were overdue and granting a fifteen-day extension to respond. Defendant failed to respond by the (extended) June 9, 2008 due date. Three days later, on June 12, 2008, Plaintiff Baker filed a Motion to Compel Defendant's discovery responses (DE 35). Pursuant to this Court's Order (DE 36), on June 24, 2008, Defendant's counsel filed an expedited Response (DE 37) to the Motion to Compel. Defendant's counsel explained that the primary reason the discovery responses had not yet been completed was his inability to communicate with his client; counsel anticipated being able to complete the responses within ten days. Additionally, counsel stated that six additional plaintiffs recently had been added and that they also would most likely be serving discovery requests. He argued, therefore, that "for the sake of judicial efficiency," Plaintiff should be required to file amended discovery requests before requiring Defendant to respond to the outstanding discovery. After receiving Plaintiff Baker's Reply (DE 38), this Court entered an Order (DE 39) on June 25, 2008, granting Plaintiff's Motion to Compel and requiring Defendant to serve its responses to Plaintiff Baker's discovery requests on or before July 7, 2008.

Two days before Defendant's court-ordered discovery responses were due, Defendant's counsel moved to withdraw his representation of Defendant (DE 40). As grounds for the Motion, counsel cited "irreconcilable differences" between him and his client, including his inability to communicate with his client. However, after meeting with

his client on July 18, 2008, Defendant's counsel withdrew his Motion to Withdraw.[2]

On July 21, 2008, Plaintiff filed his (first) Motion to Strike Pleadings and [for] Other Relief (DE 46), requesting that the Court strike Defendant's pleadings for its "willful failure to comply with the orders of this Court or in the alternative to grant other and appropriate sanctions against defendant and relief to Plaintiffs for the prejudice caused by Defendant's contumacious discovery conduct." Motion at 1 (DE 46). On that same day, Defendant filed a Notice of Compliance indicating that it had complied "with the outstanding discovery requests and the Court's orders relating thereto." Notice at 1 (DE 47). Defendant stated that "[a]ll that [was] left to be done [were] arrangements regarding the copying of the relatively voluminous document production."[3] Id. Also on July 21, following the filing of Defendant's Notice of Compliance, Plaintiff filed a Second Motion to Strike Pleadings (DE 49). In that Motion, Plaintiff argues that Defendant's Notice of Compliance does not moot the (first) Motion to Strike Pleadings; rather, it raises more grounds to justify the relief requested. According to Plaintiff, Defendant did not comply with this Court's June 25,

---

[2] In a July 21, 2008 Affidavit (DE 50-2) submitted in response to the District Court's Order (DE 44) to show cause why counsel's Motion to Withdraw his representation should not be granted, Defendant's president explained that he had been traveling extensively and that the office manager had been in and out of the office due to illness. He stated that on July 18, 2008, he specifically flew back into town to meet with counsel, at which time they addressed all matters relating to this action. He averred that it was not Defendant's intention to disregard its obligations relating to this action, and he apologized to the Court and all parties involved.

[3] According to Defendant, it faxed its discovery responses to the office of Plaintiff's counsel on July 21, 2008, with a request that counsel advise how he wanted to arrange the copying of the responsive documents. With the filing of Plaintiff's Motions to Strike Pleadings, however, the parties apparently never made copying arrangements. Plaintiff states in his August 1, 2008 Reply that Defendant had not produced the documents as of that date.

2008 Order in that its discovery responses are incomplete and contain false and misleading answers and untimely objections.

On July 31, 2008, Defendant filed a Response in Opposition to Plaintiff's (first) Motion to Strike Pleadings (DE 54), and the next day it filed a Response in Opposition to Plaintiff's Second Motion to Strike Pleadings (DE 55). Plaintiff thereafter filed a Consolidated Reply to Defendant's Responses (DE 56). Plaintiff Baker's Motions are now ripe for decision.

## MOTIONS TO STRIKE PLEADINGS

In his first Motion to Strike, Plaintiff Baker requests that the Court strike Defendant's pleadings for its failure to timely comply with this Court's June 25, 2008 Order requiring Defendant to respond to Plaintiff Baker's discovery requests.[4] Plaintiff, however, has failed to identify the authority under which he seeks sanctions.[5] Federal Rule of Civil Procedure 37(b)(2)(C),[6] however, authorizes a court to award the relief sought by Plaintiff – the

---

[4] Although each of Plaintiff's motions are entitled "Motion to Strike Pleading and for Other Relief (emphasis added), he has not identified the "other relief" requested. Indeed, Plaintiff's first Motion states that "the only appropriate relief at this point is to strike [Defendant's] pleadings." Motion at 4 (DE 46).

[5] Local Rule 7.1.A requires every motion (with exceptions not applicable here) to be accompanied by a "memorandum of law citing supporting authorities." With respect to Plaintiffs' first Motion to Strike Pleadings, Plaintiff's "memorandum of law" consists of only one sentence and of only one citation to "supporting authority" (together with three short paragraphs of argument). Plaintiff merely quotes a sentence from Carlucci v. Piper Aircraft Corp., 102 F.R.D. 472, 489 (S.D. Fla. 1984): "It is not the court's function to drag a party kicking and screaming through discovery." And the second Motion to Strike Pleadings does not contain any supporting authority.

[6] Rule 37(b)(2) provides in pertinent part:

If a party . . . fails to obey an order to provide or permit

4

striking of pleadings (which would be tantamount to a default judgment) – for a party's failure to obey a court order to provide discovery.

Because the striking of pleadings and the entry of a default judgment are severe penalties, the Eleventh Circuit has held that the imposition of such sanctions requires "a willful or bad faith failure to obey a discovery order." Malautea v. Suzuki Motor Co., 987 F.2d 1536, 1542 (11th Cir. 1993); see also United States v. Certain Real Property Located at Route 1, Bryant, Alabama, 126 F.3d 1314, 1317 (11th Cir. 1997) ("We consistently have found Rule 37 sanctions such as dismissal or entry of default judgment to be appropriate, however, only 'where the party's conduct amounts to flagrant disregard and willful disobedience of discovery orders.'") (emphasis in original) (quoting Buchanan v. Bowman, 820 F.2d 359, 361 (11th Cir. 1987)); Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1371 (11th Cir. 1997) (Rule 37 sanctions of striking pleadings and entering default judgment requires a finding that "'noncompliance' with the compel order was intentional or in bad faith"). "Violation of a discovery order caused by simple negligence, misunderstanding, or inability to comply will not justify a Rule 37 default. . . ." Malautea, 987 F.2d at 1542. Moreover, "the severe sanction of a . . . default judgment is appropriate

---

> discovery . . . the court in which the action is pending may make such orders in regard to the failure as are just and among others the following:
>
> \* \* \*
>
> an order striking out pleadings of parts thereof . . . or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party.

Fed. R. Civ. P. 37(b)(2)(C).

5

only as a last resort, when less drastic sanctions would not ensure compliance with the court's order." Id.

In support of their first Motion to Strike Pleadings, Plaintiff argues that the Court should strike Defendant's pleadings because Defendant failed to provide its discovery responses by the date ordered by the Court.  Plaintiff states that the discovery he propounded was designed to obtain documents that would provide data needed for an expert's evaluation and to provide a partial measure of damages.  According to Plaintiff, without the requested discovery he has been unable to assess the needs of the case. See Cornell Affidavit (DE 46-2).[7]

Defendant clearly violated this Court's June 25, 2008 Order, which required Defendant to respond to Plaintiff Baker's discovery requests by July 7, 2008; it did not serve its responses until two weeks later.  Although this Court does not condone Defendant's failure to provide the requested discovery by the court-imposed deadline, it concludes that a two-week delay does not warrant the severe sanctions of striking pleadings and entering a default judgment.  The Court, however, is not limited to imposing the sanctions requested by Plaintiff.  In addition to striking pleadings and entering a default judgment, Rule 37(b)(2) authorizes the payment of attorney's fees caused by a party's failure to obey a court order. Accordingly, the undersigned will recommend that Defendant pay to Plaintiff Baker $300 for attorney's fees incurred in bringing Plaintiff's motion to

---

[7] The undersigned notes that Plaintiff received Defendant's responses on the same day he filed his first and second Motions to Strike Pleadings.  At that time, there were approximately six weeks left until the end of the fact discovery period and approximately eight weeks left until the end of the expert discovery period.

compel and the first Motion to Strike Pleadings.[8]

In support of the second Motion to Strike Pleadings, Plaintiff Baker argues that Defendant's (late) discovery responses are so deficient that they should be deemed no response at all.[9] More specifically, Plaintiff argues that Defendant's responses to the request for production of documents are false and misleading and contain untimely objections and that Defendant's answers to the interrogatories are incomplete.[10]

With respect to Plaintiff's argument as to (alleged) false responses to the request for production of documents, Plaintiff identifies only two (of eighteen) responses that he contends are false – Defendant's responses to Request 1 and Request 2. Request 1

---

[8] A review of Plaintiff Baker filings reveals that only minimal time would have been expended in drafting the Motion to Compel and the first Motion to Strike Pleadings. The two-page Motion to Compel (DE 35) consists of 5 short paragraphs that merely inform the Court that Plaintiff Baker had served discovery requests and that Defendant had failed to respond thereto. Attached to the Motion is a copy of Plaintiff's interrogatories and request for production and copies of e-mails between counsel concerning the overdue responses and extension thereof. Plaintiffs' (first) Motion to Strike Pleadings consists of three and a half pages, the first two pages being a list of relevant dates; the remainder consistsof three paragraphs of argument and of one case citation. Attached to the Motion is a one-page affidavit of Plaintiff's counsel.

[9] Federal Rule of Civil Procedure 37(a)(4) provides that an evasive or incomplete discovery response be treated as a failure to respond.

[10] Plaintiff notes that Defendant did not provide the Court with its discovery responses and argues that this omission was not inadvertent because the responses show Defendant's non-compliance with the Court's Order (to provide responses to Plaintiff). The undersigned, however, notes that Local Rule 26.1.B prohibits the filing of discovery responses in the record unless they are used in the proceeding or unless the Court orders such filing. (Plaintiff has attached Defendant's discovery responses to his second Motion to Strike Pleadings (DE 49-2, 49-3)). Plaintiff additionally argues that Defendant's responses "raise serious questions about defense counsel's signature to the responses and to the notice of compliance." Motion at 2 (DE 49). He suggests that opposing counsel's signature on the responses "may well" violate Federal Rule of Civil Procedure 26(g)(1).

seeks "[l]egible copies or electronic [copies] of any and all Non-Hazardous Waste Manifest transport records for the time period of November 1, 2004 to February 28, 2005 covering the Miami River Project for all material removed during this period by each and every trucking company." Request 1 (DE 49-4). And Request 2 seeks "[c]opies of any and all documents including invoices and receipts for payment received from waste disposal facilities reflecting loads delivered by your contracted trucking firms to such facilities during the period November 1, 2004 to February 28, 2008." Request 1 (DE 49-4) To both of these Requests, Defendant responded that "it has no [responsive] documents in its possession and control." Response 1 and 2 (DE 49-2). Plaintiff contends that Defendant's responses are false. According to Plaintiff, Defendant must possess these documents because Plaintiffs were paid on the basis of the documents sought in Requests 1 and 2. See Declaration of Alfred Baker (DE 49-5). Defendant responds that it found both these Requests to be confusing, and, by its best interpretation, it determined that it did not possess any responsive documents. According to Defendant, had Plaintiff's counsel conferred with its counsel before filing the second Motion to Strike Pleadings, as required by S.D. Fla. L.R. 7.1.A.3, Defendant's counsel could have obtained a better understanding of the documents Plaintiff was attempting to obtain by these Requests.

With respect to Plaintiff's argument as to (alleged) misleading responses to Request for Production 9, 10, and 12,[11] Plaintiff contends that Defendant's offer to produce its

---

[11] Request 9 seeks "all documents pertaining to any investigation performed in which the Plaintiff was the subject of the investigation or part of the investigation." Request 10 seeks "all documents, including but not limited to notes, reflecting or relating to any complaints made by Plaintiff regarding any aspect of this contractual relationship with Defendant." And Request 12 seeks "[a]ll letters or correspondence between

8

response to the EEOC "begs the question of what was actually requested." Plaintiff argues that while the EEOC response may contain documents encompassed by these Requests, "it is doubtful that all of the information in these request[s] was turned over at that time." Defendant responds that without arranging for the copying of the documents and a review of them, Plaintiff's suggesting that Defendant's responses may not be complete is premature. Moreover, Defendant contends once again that had Plaintiff conferred with counsel pursuant to S.D. Fla. L.R. 7.1.A.3, they could have come to an understanding as to these Requests.

With respect to Plaintiff's argument that Defendant's interrogatory answers were incomplete, Plaintiff has failed to identify any specific interrogatory answer that he deems deficient.[12] He argues merely that "Defendant's answers to interrogatories are incomplete on their face. Counsel has done nothing other than slap together a list of witnesses and ignore the detailed information called for in specific interrogatories." Motion at 4 (DE 49). From a review of the Interrogatories, it appears that Plaintiff is referring to Interrogatories 1 and 2. Interrogatory 1 requests that Defendant "provide the name, address, telephone number, place of employment and job title of any person who has, claims to have or whom [Defendant] believes may have knowledge or information pertaining to any fact alleged in

---

Defendant and any other person, agency, corporation, and the like referring to any of the allegations set forth in Plaintiff's complaint." Requests 9, 10, 12 (DE 49-4). Defendant responded to each of these Requests by stating that it "would produce its entire file relating to Plaintiff's EEOC discrimination complaint." Responses to Request for Production (DE 49-2).

[12] Although Plaintiff has provided with his Motion a copy of his Request for Production, he has failed to provide the Court with a copy of his Interrogatories. The Interrogatories, however, may be found at Docket Entry 35-2.

the pleadings filed in this action, or any fact underlying the subject matter of this action." Interrogatory 2 requests that Defendant identify the specific nature and substance of the knowledge of these persons. Defendant identified five individuals in response to Interrogatories 1 and 2. For two of these individuals, Defendant provided all information except their phone numbers. For two others, Defendant stated that they were former employees and that it did not know their addresses. For the final individual, Defendant failed to provide an address or telephone number.[13]

Finally, with respect to Plaintiff's argument as to untimely objections, Plaintiff contends that the documents objected to "go to the heart of Plaintiffs' case." Motion at 2 (DE 49). Requests 3, 4, and 8 seek documents pertaining to all trucking firms making hauls for Defendant regarding the Miami River Dredge Project, copies of all contracts covering hauling services, and driver statements for each trucking firm contracted by Defendant. In response to each of these Requests, Defendant stated: "While Soil Tech has no objection producing responsive documents relating to Plaintiff, it cannot produce documents containing the confidential information of non-parties in the absence of their consent or the appropriate mechanism in place to protect the interests of non-parties to the instant action." Plaintiff argues that the time for making objections had long passed, and thus, Defendant has waived all objections. He contends that the Court should view these objections as "contumacious acts." Defendant counters that its Responses "were

---

[13] Defendant sufficiently answered the remaining four Interrogatories, except that in response to Interrogatory 5 (requesting that Defendant identify all documents pertaining to any fact alleged in any pleading herein), Defendant responded that it would produce the documents.

not objections at all but merely suggested a confidentiality agreement to protect itself from producing potentially sensitive information relating to non-parties." Response at 3 (DE 55). According to Defendant, had Plaintiff's counsel conferred with its counsel as required by the Local Rule, "just such an agreement could have been crafted." Id.

After carefully reviewing all of Defendant's responses to Plaintiff Baker's interrogatories and request for production and considering Plaintiff's arguments, the undersigned does not find that Defendant's responses are so deficient as to be deemed a violation of the undersigned's June 24, 2008 Order requiring Defendant to respond to Plaintiff's discovery requests. Accordingly, the undersigned concludes that no further sanctions are warranted, much less the severe sanction of striking pleadings (and entering a default judgment).

## RECOMMENDATIONS

Based on the foregoing, the undersigned hereby RECOMMENDS as follows:

1. that the District Court DENY Plaintiffs' Motion to Strike Pleadings and [for] Other Relief (DE 46) to the extent that it requests the Court to strike Defendant's pleadings and GRANT the Motion to the extent that it requests other sanctions. More specifically, the undersigned RECOMMENDS that Defendant be required to pay to Plaintiff Albert Baker $300 for attorney's fees incurred in filing his Motion to Compel and the (first) Motion to Strike Pleadings (DE 46).

2. that the District Court DENY Plaintiffs' Second Motion to Strike Pleadings and for Other Relief (DE 49).

The parties will have ten (10) days from the date of being served with a copy of this

Report and Recommendation within which to file written objections, if any, with the Honorable James I. Cohn, United States District Judge.  Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the District Judge except upon grounds of plain error or manifest injustice.  See 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140, 149 (1985); Henley v. Johnson, 885 F.2d 790, 794 (11th Cir. 1989).

       DONE AND SUBMITTED at Fort Lauderdale, Florida, this 14th day of October 2008.

                                                        /s/ Barry S. Seltzer
BARRY S. SELTZER
United States Magistrate Judge

Copies to:

Honorable James I. Cohn
United States District Judge

All counsel of record