UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-22254-CIV-COHN/SELTZER

ALFRED J. BAKER, et al.

    Plaintiffs,

v.

SOIL TECH DISTRIBUTORS, INC.,

    Defendant.
_____/

**SCANNED**

## ORDER DENYING DEFENDANT'S RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW

**THIS CAUSE** is before the Court on Defendant's Renewed Motion for Judgment as a Matter of Law [DE 100]. The Court has considered the Motion, Plaintiff Alfred J. Baker's Opposition [DE 101], Defendant's Reply [DE 102], the record in this case, the applicable law, and is otherwise advised in the premises.

### I. BACKGROUND

Plaintiffs in this action worked as haulers under subcontract with Defendant Soil Tech Distributors, Inc. Plaintiffs were responsible for hauling dredged material in connection with a massive public works project known as the Miami River Project. Plaintiffs alleged that African-American drivers and subcontractors were treated less favorably than Hispanics. Plaintiff Baker became a vocal leader and protested the unequal treatment. Plaintiff Baker claimed that he was terminated on February 10, 2005 as a result of accusing Defendant of discrimination. Plaintiffs alleged that they were discriminated against on the basis of race in violation of 42 U.S.C. § 1981. Plaintiff Baker claimed that he was retaliated against for protesting unlawful

discrimination in violation of 42 U.S.C. § 1981.

The Court held a jury trial in this case beginning on December 1, 2008. At the conclusion of the Plaintiffs' case, Defendant made a Rule 50(a) *ore tenus* motion for judgment as a matter of law, which the Court denied. After all evidence had been submitted, Defendant renewed its Rule 50(a) motion and it was again denied by the Court. On December 4, 2008, the jury returned a verdict in favor of Plaintiff Baker and against the Defendant on the retaliation claim and awarded Mr. Baker $180,000.00. The jury returned a verdict in favor of the Defendant and against the Plaintiffs on the discrimination claims. A Final Judgment was entered on December 5, 2008 and an Amended Final Judgment was entered on December 8, 2008.

Defendant timely filed the Renewed Motion for Judgment as a Matter of Law on December 9, 2008. In the Motion, Defendant argues that the Court should reverse the jury verdict on Mr. Baker's retaliation claim because Baker (1) did not establish a causal connection between his complaints of discrimination and his termination, and (2) failed to show that the reasons proffered by Defendant for Baker's termination were pretextual. Plaintiff opposed the Motion arguing that (1) the Motion is procedurally improper, and (2) there was sufficient evidence to submit the retaliation claim to a jury.

## II. DISCUSSION

Pursuant to Rule 50(b), a party may renew its motion for judgment as a matter of law after the jury has returned its verdict. Optimum Technologies, Inc. v. Henkel Consumer Adhesives, Inc., 496 F.3d 1231, 1251 (11th Cir. 2007). In considering the evidence presented at trial, a court must draw all factual inferences and resolve all credibility determinations in the favor of the nonmoving party. See Munoz v. Oceanside

Resorts, Inc., 223 F.3d 1340, 1344 (11th Cir. 2000). A Rule 50(b) motion should only be granted where "reasonable [jurors] could not arrive at a contrary verdict." Id. at 1344-45. Under Rule 50(b), a party is entitled to judgment as a matter of law "if during a trial by jury the opposing party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for the opposing party on that issue." Wood v. Green, 323 F.3d 1309, 1312 (11th Cir. 2003).

"A motion under Rule 50(b) is not allowed unless the movant sought relief on similar grounds under Rule 50(a) before the case was submitted to the jury." Exxon Shipping Co. v. Baker, 128 S.Ct. 2605, 2617 n.5 (2008). "If a party asserts new grounds in its renewed motion for judgment as a matter of law that it did not assert in its initial motion for judgment as a matter of law, a court 'may not rely on the new grounds to set aside the jury's verdict.'" Shannon v. Bellsouth Telecomms., Inc., 292 F.3d 712, 717 n.3 (11th Cir. 2002) (quoting Ross v. Rhodes Furniture, Inc., 146 F.3d 1286, 1289 (11th Cir. 1998)). When reviewing a renewed motion for judgment as a matter of law, a court must compare the grounds contained in such motion with the grounds originally argued by the movant in its motion under Rule 50(a). See Ross, 146 F.3d at 1289. "If the two sets of grounds are closely related, then no Seventh Amendment violation exists because the non-movant was not subjected to unfair surprise; however, if the grounds are not closely related, then the district court may not rely on the later-advanced grounds in granting the motion." Abel v. Dubberly, 210 F.3d 1334, 1338 (11th Cir. 2000).

Plaintiff asserts that the "record will reveal that the only claims which were presented in Defendant's two Rule 50(a) motions were those related to discrimination."

3

(Opposition at 2). Defendant responds that "even if . . . counsel for Soil Tech failed to mention the word 'retaliation' during the Rule 50 arguments, the motion was made attacking Plaintiffs' failure to carry their burden on *all* of their claims." (Reply at 2) (emphasis in original).

The Court has reviewed the record and finds that Defendant based its Rule 50(a) motion on the sole ground that Plaintiff failed to establish a *prima facie* case for discrimination. Defendant's counsel Joylon Morris argued at length regarding the point that "plaintiffs have not established a *prima facie* case that the sole basis for the alleged misconduct was . . . the fact that they were black." Apart from discussing the legal standard, Mr. Morris's argument did not stray from the point that "giving special treatment is not tantamount to being discriminatory especially on the basis of a person's race." His co-counsel, Mr. Howard, reiterated that "discrimination must be on the basis of race." However, at no point did the issue of Mr. Baker's retaliation claim arise in the course of the arguments made in support of Defendant's Rule 50(a) motion.[1] In denying the motion, the Court concluded "that there has been sufficient evidence adduced to present a jury question as to whether race was a substantial or motivating factor in the decision to give preferential treatment to Hispanic drivers." Accordingly, because Defendant's Motion is based on "new grounds" which were not raised in Defendant's Rule 50(a) motion, the Instant Motion must be denied.

---

[1] No additional argument in support of Defendant's Rule 50(a) motion is contained on the record. At the close of evidence, Mr. Morris stated "we would renew our motion under Rule 50" and noted "I don't think we need any argument on it."

## III. CONCLUSION

For the foregoing reasons, it is **ORDERED AND ADJUDGED** that Defendants' Renewed Motion For Judgment as a Matter of Law [DE 100] is hereby **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida, on this 26th day of January, 2009.

JAMES I. COHN
UNITED STATES DISTRICT JUDGE

Copies provided:

Counsel of record via CM/ECF